134 F.Supp.2d 923 (2001)
FEDERATED RURAL ELECTRIC INSURANCE EXCHANGE, Plaintiff,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.
No. C2-00-281.
United States District Court, S.D. Ohio, Eastern Division.
March 1, 2001.
*924 William Chester Wilkinson, Thompson, Hine & Flory, Columbus, OH, for Plaintiff.
Danny Lee Cvetanovich, Arter & Hadden, Columbus, OH, for Defendant.

MEMORANDUM OPINION AND ORDER
GRAHAM, District Judge.
This is an action for declaratory and injunctive relief in which the plaintiff Federated Rural Electric Insurance Exchange ("Federated") seeks a declaration that a prior arbitration award is final and binding on the parties and an order enjoining the defendant Nationwide Mutual Insurance Company ("Nationwide") from attempting to re-arbitrate the prior arbitration award. This matter is currently before the court on Nationwide's Motion to Compel Arbitration *925 or, in the Alternative, for Summary Judgment ("Motion to Compel") (Doc. 23) and Federated's Motion for Summary Judgment. (Doc. 24). The motions are ripe for ruling.

I. STANDARD OF REVIEW

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curium). The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case at issue, LaPointe, 8 F.3d at 378, which may be accomplished by pointing out to the court that the nonmoving party lacks evidence to support an essential element of its case. Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993). In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added). See generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir.1989).
In reviewing a motion for summary judgment, "this Court must determine whether `the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993)(quoting Anderson, 477 U.S. at 251-53, 106 S.Ct. 2505). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. 2505. See also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir.1994). Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Adams v. Metiva, 31 F.3d 375, 378 (6th Cir.1994).

II. FACTUAL BACKGROUND

The facts of this case are largely undisputed. Federated and Nationwide are parties to a series of reinsurance treaties, each of which require that any disputes between the parties be resolved by arbitration. Each of the arbitration clauses states that the decision of the arbitration panel is "final and binding." The parties had a dispute over the interpretation of the reinsurance treaties as those treaties related to four reinsurance claims and submitted that dispute to arbitration in June, 1996. The arbitration panel found in favor of Federated on July 26, 1996.
Nationwide did not file a motion to vacate, modify, or correct the arbitration award pursuant to 9 U.S.C. §§ 10-12; instead, *926 Nationwide paid the award within several months after its issuance. Federated did not file an action to confirm the award pursuant to 9 U.S.C. § 9.
In March, 2000 Nationwide notified Federated that it believed a recent decision of a Wisconsin intermediate appellate court indicated that the arbitrators had misinterpreted Wisconsin law when they rendered the 1996 award. Nationwide demanded return of the monies paid as a result of the award, and upon Federated's refusal to do so, Nationwide demanded arbitration of its claim for repayment of the 1996 award.
Federated filed this complaint on March 8, 2000 seeking a declaration that:
(1) the arbitration award issued on July 26, 1996 is final and binding upon the parties; and
(2) Nationwide's failure to move to vacate, modify, or correct the award within the three-month statute of limitations bars Nationwide's ability to challenge the award now or any time in the future.
Complaint at p. 4. Federated also seeks an order enjoining Nationwide from re-arbitrating the 1996 arbitration award now or in the future.[1] Federated's Motion for Summary Judgment at p. 3, ¶ 3. Nationwide filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) & (6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. This motion was denied in its entirety. See Order of July 12, 2000 (Doc. 14).

III. DISCUSSION

A. Nationwide's Motion to Compel
Nationwide seeks an order from this court, pursuant to 9 U.S.C. § 4, compelling this matter to arbitration or, in the alternative, an entry of summary judgment in its favor. Due to the strong policy favoring arbitration, a court's function in an action to compel arbitration is limited to determining whether the party seeking arbitration is making a claim which on its face is covered by the arbitration agreement. See Robert Lamb Hart Planners and Architects v. Evergreen, Ltd., 787 F.Supp. 753, 756 (S.D.Ohio 1992). In deciding whether to order arbitration, courts consider four principal issues: (1) whether the parties agreed to arbitrate the dispute; (2) the scope of the arbitration agreement; (3) if federal claims are asserted, whether Congress intended arbitration to govern the claims; and (4) if only some claims are arbitrable, whether to stay the proceedings pending arbitration. See Stout v. Byrider, 50 F.Supp.2d 733, 736 (N.D.Ohio 1999). Only the first two standards are relevant in the instant action. Applying these two standards, the court declines to compel arbitration.
Federated and Nationwide agreed to submit disputes arising from the reinsurance treaties to arbitration, and that was what occurred and gave rise to the 1996 arbitration award. The parties did not, however, agree to re-arbitrate, or appeal, the award issued by the arbitrators, nor did the parties agree to arbitrate the finality of any award issued by the arbitration panel.
Throughout its motion, Nationwide contends that the instant matter is subject to arbitration because there is a dispute as to the interpretation of the "final and binding language" found in the arbitration agreements. Further, according to Nationwide, *927 the arbitration agreements at issue are broad and therefore any dispute as to the interpretation of those agreements are subject to arbitration. This argument is, in reality, a thinly disguised effort by Nationwide to re-arbitrate, in effect appeal, the 1996 award. The real purpose behind Nationwide's motion to compel is for "a new panel to review the 1996 award and, in effect, to reverse that award." Motion to Compel at p. 5.
Nationwide first argues that Federated's claim, although labeled as one for declaratory judgment and injunctive relief, is in reality one for breach of contract. According to Nationwide, Federated's claim that the terminology in the finality clauses precludes Nationwide from seeking "redress through arbitration of an erroneous decision" is, in effect, a claim that by initiating arbitration "Nationwide has breached the arbitration clauses in the applicable contracts[.]" Nationwide's Motion to Compel at pp. 5, 6. In support of its argument, Nationwide quotes the following passage from an earlier Order of this court: "this is not an action to confirm an arbitration award." Order of July 12, 2000. According to Nationwide, the court's language demonstrates that Federated's claim is "not an action under the Federal Arbitration Act[.]" Motion to Compel at p. 5. Nationwide's interpretation of the court's language is erroneous, as demonstrated by a reading of the quoted language in full context:
Nationwide argues that Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 authorizes a federal court to confirm an arbitration award only if the agreement contains such language. The court would note first that this action is not an action to confirm an arbitration award. Federated did not file such an action because Nationwide paid the arbitration award in full. This is, instead, an action for declaratory judgment to determine Nationwide's right to institute another arbitration proceeding which seeks to set aside the prior award.
Order of July 12, 2000 at p. 2 (emphasis added). Thus, the court has already determined that Federated's action is one for declaratory judgment. Federated's action is not one for breach of contract.
Nationwide returns to its "breach of contract" argument later in its motion to compel and argues that the terms of the reinsurance treaties require Federated to arbitrate the interpretation of the finality clause. See Motion to Compel at pp. 15-20. In support of its argument, Nationwide relies heavily upon North River Ins. Co. v. Allstate Ins. Co., 866 F.Supp. 123 (S.D.N.Y.1994). North River Ins. Co. is inapposite. That case involved a situation in which the parties had been involved in prior arbitration over the meaning of the word "occurrence" in the contracts, and the arbitration panel entered an award in favor of the plaintiffs in 1992. See id. at 125. After the 1992 award more disputes arose between the parties, and at the time plaintiffs filed their complaint there were seven pending arbitrations. Plaintiffs initiated the action seeking an order permanently staying the pending arbitrations. The defendant sought an order pursuant to the FAA staying the court action so that the arbitrations could proceed in accordance with the arbitration clauses contained in each contract. Plaintiffs argued that the doctrine of collateral estoppel barred the defendant from seeking further arbitration because the central issue in each of the pending disputes was the meaning of the term "occurrence," which, according to plaintiffs, had already been determined and therefore required the court to enjoin defendants from proceeding with the pending arbitrations on that issue. The court granted defendant's motion and dismissed the plaintiffs complaint. According to the court, it was the role of the *928 arbitrators to determine the preclusive effect of the 1992 award.
North River Ins. Co. is distinguishable because the issue before this court is not whether the 1996 award is entitled to preclusive effect in subsequent, separate arbitrations. Instead, Federated seeks a declaration that the 1996 award is final and binding and that it cannot be re-arbitrated or, in effect, appealed.
In its Order denying Nationwide's motion to dismiss, the court addressed Nationwide's argument that the issue of the finality of the prior arbitration award should be determined in another arbitration proceeding:
According to Nationwide, the issue of the finality of the prior arbitration award should be determined in another arbitration proceeding. Nationwide's argument, carried to its logical conclusion, would render meaningless the provision of an arbitration agreement which says that the results of the arbitration shall be final and binding. If the parties can never resort to a court for enforcement of this provision, the only limit on the losing party's ability to continuously request the arbitrators to reconsider their award, would be its ability to conjure up new arguments as to why their original award was erroneous.
Order of July 12, 2000 (emphasis added). In its motion to compel, Nationwide attempts to evade this reasoning.
Nationwide first argues that the parties must arbitrate the effect of the "final and binding" language because of the strong policy favoring arbitration. The court agrees that when two parties contract to submit their disputes to arbitration they should be compelled to arbitrate. Despite Nationwide's strenuous arguments to the contrary, the instant action does not involve a dispute subject to the arbitration agreements. Instead, it is Nationwide's attempt to re-arbitrate a previous final and binding award. There is no policy favoring the re-arbitration of prior awards.[2]
Nationwide cites cases dealing with "finality" clauses that it claims supports its argument that the present dispute is subject to arbitration. Nationwide cites a decision arising out of this district, Nationwide Mut. Ins. Co. v. Home Ins. Co., 90 F.Supp.2d 893 (S.D.Ohio 2000), for the proposition that although a court may review contracts in order to determine whether it has subject matter jurisdiction in a proceeding involving arbitration, the actual interpretation of those contracts is the province of the arbitrators. In Nationwide Mut. Ins. Co., the court addressed the arbitration panel's finding, in regard to the confirmation of interim arbitration awards, "that the phrase `final decision' subject to confirmation according to the contract at issue means disposition of a `specific, discrete issue' and subject to judicial confirmation." Id. at 897. The court stated:
While the Court does not disregard the decision of the Panel, the question of what is a "final decision" in this case is both a contract issue, to be answered by the panel, and a subject matter jurisdiction issue under the [FAA], to be answered only by this Court.
Id.
Nationwide's reliance on this case for support that the issue at hand is subject to *929 arbitration is misplaced. The question in Nationwide Mut. Ins. Co. was whether an interim award was subject to judicial confirmation. The arbitration panel in that case issued an opinion of what constituted a "final decision" subject to judicial confirmation. The court held that although it was the arbitrators' role to declare what constituted a final decision under the arbitration contract, it was the court's role to determine if such decision was subject to the court's subject matter jurisdiction. See id. Thus, that decision is inapposite to the case at bar because the 1996 arbitration award was a final award. Further, this is not an action to confirm an arbitration award but is instead "an action for declaratory judgment to determine Nationwide's right to institute another arbitration proceeding which seeks to set aside the prior award." Order of July 12, 2000.
In its Order denying Nationwide's motion to dismiss, the court pointed out that Nationwide had failed to cite any cases in which a court had held that the parties to an arbitration agreement are required to arbitrate the issue of the finality of a prior arbitration award. In response, Nationwide has come forth with case law that it claims confirms its assertion that the interpretation of the finality clause is subject to arbitration. See Motion to Compel at pp. 10-14 (discussing John Hancock Mutual Life Ins. Co. v. Olick, 151 F.3d 132 (3rd Cir.1998); Local 103 of the Int'l Union of Elec., Radio and Mach. Workers v. RCA Corp., 516 F.2d 1336 (3rd Cir.1975); Sharp v. Ryder Truck Lines, Inc., 465 F.Supp. 434 (E.D.Tenn.1979)).
The cases cited by Nationwide are inapposite to the case at bar because they do not involve factual situations in which a party sought to re-arbitrate a prior award. The issue in both Olick and RCA Corp. was whether it was for the court or an arbitrator to determine the preclusive effect of a prior arbitration on a subsequent, separate, arbitration. In Sharp, a grievance committee issued several decisions, in effect reversing itself. Again, however, the issue was the preclusive effect of previous decisions on later ones, and the court held that this was a matter for the arbitrators to decide.
For these cases to be relevant, and Nationwide's argument convincing, the instant action would require a scenario in which Nationwide and Federated were involved in a dispute arising out of the reinsurance treaties that was similar to the disputes giving rise to the 1996 award and there was a disagreement as to the preclusive effect of the 1996 award. That is not the situation in the case at bar and, therefore, these cases are irrelevant.[3]
Nationwide cites to a passage from the RCA Corp. decision that Nationwide believes addresses this court's concern that Nationwide's argument "would render meaningless" the final and binding language of an arbitration agreement. The passage states:
The union evidences the fear that prior decisions will be relitigated ad infinitum presaging a demise in finality and opening the door to abuse. We disagree. Open to the union, before the arbitrator, is the same contention it has presented to the courts, i.e., that the "same question or issue" was previously the "subject of arbitration." So viewed, finality, consistent with the provisions of the agreement, will be preserved. *930 RCA Corp., 516 F.2d at 1341. This passage does not address the court's stated concern with Nationwide's argument. Again, the issue in RCA Corp. was the preclusive effect of a prior arbitration award on a subsequent, separate, arbitration. That is not the issue with which this court is concerned.
Nationwide argues that the court must compel arbitration because the court cannot say with "positive assurance" that interpretation of the finality clause falls outside the scope of the applicable arbitration agreements. The "positive assurance" language is taken from a line of cases holding that when two parties are subject to an arbitration agreement, a court should not deny a motion to compel arbitration unless it can be said with "positive assurance" that the arbitration clause is not susceptible of any interpretation that covers the asserted dispute. See e.g., Georgia Power Co. v. Cimarron Coal Corp., 526 F.2d 101 (6th Cir.1975).
The cases cited by Nationwide demonstrate that the "positive assurance" test is used to determine if an initial dispute between two parties is subject to their arbitration agreement. No case uses this test for the issue of re-arbitrating a prior award. Even assuming, arguendo, that the "positive assurance" test was applicable in the case at bar, the court can say with positive assurance that the arbitration clauses do not cover the asserted dispute. If the arbitration clauses at issue permitted the finality of arbitration awards to be re-arbitrated there would never be finality to the arbitration awards.
For the foregoing reasons, Nationwide's motion to compel is DENIED.
Nationwide argues that, in the alternative, the court should not entertain Federated's declaratory judgment action but instead should refer the matter to arbitration on summary judgment.
It is well settled that the exercise of jurisdiction to grant a declaratory judgment is discretionary. See Aetna Cas. & Sur. Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir.1996). The general considerations for determining whether to exercise jurisdiction in a declaratory judgment action are whether the judgment "will serve a useful purpose in clarifying and settling the legal relationships in issue" and whether it "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Grand Trunk Western R.R. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir.1984). The court in Grand Trunk set forth the following factors to be considered:
(1) whether the declaratory action would settle the controversy;
(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
(3) whether the declaratory action is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy which is better and more effective.
Id.; see also Sunshine Corp., 74 F.3d at 687.
Nationwide argues that a declaratory judgment would not settle the instant controversy because the court may not enter any judgment that will bind the present arbitration panel to any decisions made in the 1996 arbitration. According to Nationwide, the court should also decline to grant a declaratory judgment because Federated's purpose in obtaining such a judgment is for "procedural fencing." Finally, Nationwide argues that arbitration is an alternative remedy that is better and more *931 effective. Nationwide's arguments are without merit.
It is clear that the declaration sought by Federated, to wit, that the 1996 arbitration award is final and binding upon the parties and that Nationwide's failure to challenge the award within the three-month statute of limitations set forth in the FAA bars its ability to challenge that award now or any time in the future, would settle the instant controversy. A declaratory judgment would also serve a useful purpose in clarifying the legal relations at issue because it would clarify that the 1996 award is final and binding and, therefore, Nationwide cannot now re-arbitrate that award. Nationwide's argument that the declaratory action is being used so that Federated can "short-circuit[ ] Nationwide's right to arbitrate disputes relating to the 1996 award and/or other future disputes" is unconvincing. Motion to Compel at p. 15. Federated does not seek to bar Nationwide from arbitrating matters arising under the reinsurance treaties, nor does Federated seek to bar Nationwide from arbitrating the effect of the 1996 award on subsequent, separate disputes. Instead, Federated seeks a declaration that the 1996 award is final and may not be re-arbitrated. The court also disagrees with Nationwide's assertion that arbitration is an alternative remedy which is better and more effective. Re-arbitrating the effect of a final and binding prior award is not "better and more effective." As the court stated in its Order denying Nationwide's motion to dismiss, "if the parties can never resort to a court for enforcement of [the final and binding] provision, the only limit on the losing party's ability to continuously request the arbitrators to reconsider their award[ ] would be its ability to conjure up new arguments as to why their original award was erroneous." Order of July 12, 2000 at p. 5.
For the foregoing reasons, the court finds that Nationwide's argument that the court should exercise its discretion to decline consideration of Federated's declaratory judgment action and instead refer the matter to arbitration is without merit. Accordingly, this branch of Nationwide's motion is DENIED.

B. Federated's Motion for Summary Judgment
Federated seeks a summary judgment in its favor that: (1) the 1996 arbitration award is final and binding; (2) Nationwide's failure to move to vacate, modify, or correct the 1996 arbitration award within the three-month statute of limitations set forth in 9 U.S.C. § 12 bars Nationwide's ability to challenge the 1996 arbitration award now or any time in the future; (3) Nationwide is enjoined from re-arbitrating the 1996 arbitration award, now or in the future, because the 1996 arbitration award is final and binding upon the parties; and (4) Federated is entitled to any other relief that the court deems equitable. See Federated's Motion for Summary Judgment at p. 3.
Federated first argues that the 1996 arbitration award is final and binding. It is undisputed that Nationwide paid the 1996 award several months after its issuance, and it is also undisputed that Nationwide did not file a motion to vacate, modify, or correct the arbitration award pursuant to 9 U.S.C. §§ 10-12. It is also undisputed that Federated never sought confirmation of the 1996 award pursuant to 9 U.S.C. § 9; however, as the court has noted, "Federated did not file such an action because Nationwide paid the arbitration award in full." Order of July 12, 2000 at p. 2. Although the award was not confirmed, the court finds that it is nevertheless final and binding.
*932 In order to be final, an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them, which generally entails a decision on the issues of liability and damages. See Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 412-13 (2d Cir.1980). The 1996 award was a decision as to both the issue of liability and the issue of damages.
It is not fatal to an arbitration award's finality that the award was not judicially confirmed. See In re Robinson, 256 B.R. 482, 488 (Bankr.S.D.Ohio 2000) (citing Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe, 146 F.3d 573, 582 (8th Cir. 1998)). The bankruptcy court in Robinson held that unconfirmed arbitration awards were entitled to preclusive effect, stating:
where the parties have had a full and fair opportunity to participate and litigate the pertinent issues before the arbitration panel, it would be unfair to provide the losing party with a "second bite at the apple." Indeed, forcing the prevailing party to incur the cost of relitigating the issues upon which it prevailed seems patently unjust, in addition to being a waste of resources.
Id. This court, like the bankruptcy court, agrees with the Eighth Circuit's statement that "absent a timely motion to vacate, in most cases the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." Val-U Constr. Co. of S.D., 146 F.3d at 582 (emphasis added).
The disputes giving rise to the 1996 arbitration award were fully arbitrated. The arbitration panel found in favor of Federated and awarded damages to Federated, and Nationwide paid those damages. Nationwide did not file a timely motion to vacate the 1996 arbitration award. Therefore, the court finds that the 1996 arbitration award is final and binding. This branch of Federated's motion is GRANTED.
Federated next argues that Nationwide's failure to move to vacate, modify, or correct the 1996 arbitration award within the three-month statute of limitations, pursuant to 9 U.S.C. § 12, bars Nationwide's failure to challenge the award now or any time in the future. Nationwide responds to Federated's argument by claiming that it is not seeking to vacate the 1996 arbitration. However, the court has already concluded that Nationwide is seeking to rearbitrate or appeal, in effect vacate, the 1996 award.
The FAA allows only three months within which to mount a judicial challenge to an arbitration award that is subject to 9 U.S.C. § 12. That section states, in pertinent part, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Nationwide did not challenge the 1996 arbitration award within the FAA's three-month statute of limitations. Therefore, it may not challenge the award now or anytime in the future.[4]
Federated argues that even assuming, arguendo, Nationwide's challenge was timely, Nationwide lacks proper grounds under 9 U.S.C. §§ 10-11 on which to challenge the 1996 arbitration award. Nationwide again argues that these grounds are irrelevant to the "new arbitration," but *933 goes on to challenge Federated's argument that the 1996 arbitration award was not "in manifest disregard of the law."
Federal courts may set aside arbitration awards only where certain statutory or judicially created grounds are present, "including manifest disregard of controlling law." 2 Thomas H. Oehmke, Oehmke Commercial Arbitration § 152:01 (Rev. ed.1995). Since the "manifest disregard of law" ground for vacatur is a non-statutory ground, vacatur on that basis is generally refused, and when applied it is narrowly construed. See id. The Sixth Circuit recognizes this ground for vacatur. See M & C Corp. v. Erwin Behr GmbH & Co., KG, 87 F.3d 844, 850-51 (6th Cir. 1996). In M & C Corp., the court explained the manifest disregard of the law ground for vacatur:
In order to constitute a "manifest disregard of the law," however, the error under review must be "obvious and capable" of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.
Id. (citation omitted). Further, "[t]he governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." Carte Blanche (Singapore) v. Carte Blanche (Int.), 888 F.2d 260, 265 (2nd Cir.1989). To adopt a less strict standard of judicial review would be to undermine the well-established deference to arbitration as a favored method of settling disputes when agreed to by the parties. See id.
Nationwide argues that the arbitrators erred in their reliance upon Sunnyside Seed Farms v. Bituminous Casualty,[5] an unpublished Wisconsin trial court opinion, which according to Nationwide, was the only Wisconsin case which adopted joint and several liability to the allocation of progressive losses or losses in progress that would take place over a period of years. Nationwide claims that the holding in Society Ins. v. Town of Franklin, 233 Wis.2d 207, 607 N.W.2d 342 (2000), which adopted a prorata method of allocation, was based upon principles of law that predated the 1996 arbitration and, therefore, the 1996 arbitration award was in manifest disregard of the law. Nationwide's argument, which is based on a case decided four years after the arbitration, is without merit.
The law that Nationwide argues the 1996 arbitration panel ignored was not "well defined, explicit, and clearly applicable." Carte Blanche (Singapore), 888 F.2d at 265. This is evident in light of the fact that the Sunnyside Seed Farm decision did not apply a prorata method of liability allocation. Thus, the prorata method of allocation was not clearly applicable.
The 1996 arbitration panel did not render a baseless opinion that flew in the face of clearly established principles. Instead, the panel relied upon a Wisconsin trial court decision for support. Further, the panel relied upon Keene v. Insurance Co. of N. Am., 667 F.2d 1034 (D.C.Cir.1981). The panel recognized that although the Keene decision was not Wisconsin law, it "was relied upon by the Wisconsin court[ ] to decide the ... Sunnyside Seed Farm case[.]" Joint Stipulations (Doc. 21), Exh. 1 at p. 3, ¶ 3. Even assuming, arguendo, that reliance upon the Sunnyside Seed *934 Farm case, and its adoption of joint and several liability, was erroneous, it was not an error that was "obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator[.]" M & C Corp. v. Erwin Behr GmbH & Co., KG, 87 F.3d at 850-51. Accordingly, the 1996 arbitration award was not in manifest disregard of the law. This branch of Federated's motion is GRANTED.
Federated also argues that the functus officio doctrine bars Nationwide's attempt to re-arbitrate the 1996 award. The court has determined that Nationwide may not re-arbitrate the 1996 award and therefore the court need not address this argument.

IV. CONCLUSION

Nationwide's motion is DENIED in its entirety. Federated's motion is GRANTED. The court finds that the 1996 arbitration award is final and binding. Nationwide's failure to challenge the award within the three-month statute of limitations set forth in 9 U.S.C. § 12 bars its ability to challenge that award now or in the future. Nationwide is enjoined from re-arbitrating the 1996 award now or in the future. Final judgment shall be entered in Federated's behalf. Costs shall be taxed to Nationwide.
It is so ORDERED.
NOTES
[1] In its March 8, 2000 complaint, Federated sought an order enjoining Nationwide from serving a demand to re-arbitrate the 1996 award. Complaint at p. 5, ¶ 2. That same day Nationwide served its demand for arbitration to Federated. Thus, the court will construe this portion of Federated's complaint as a request for an injunction barring Nationwide from re-arbitrating the 1996 award.
[2] As one commentator has stated in the context of labor arbitration, "[u]nless some form of the principles of finality that have developed under the law of judgments in litigation also become applicable to labor arbitration, nothing would stop a losing party in a prior arbitration from grieving the matter again." Timothy J. Heinsz, Grieve it Again: of Stare Decisis, Res Judicata and Collateral Estoppel in Labor Arbitration, 38 B.C. L.Rev. 275, 276 (1997).
[3] In a footnote Nationwide cited Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126 (9th Cir.2000) and National Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129 (2nd Cir.1996) for additional support. The issue in both of these cases was the preclusive effect of a prior arbitration on a subsequent, separate arbitration. Therefore, they are irrelevant.
[4] This holding is limited to Nationwide's attempt to modify, vacate, or correct the 1996 arbitration award, or as Nationwide stated in its motion to compel, have "a new panel to review the 1996 award and, in effect, to reverse that award." Motion to Compel at p. 5. Thus, Nationwide would be free to challenge the preclusive effect of the 1996 arbitration in subsequent, separate arbitrations.
[5] In its motion to compel, Nationwide referred to this case as Sunnyside Seed Farms, Inc. v. Refuse Hideway. This decision is not a part of the record in this case, and the court has been unable to locate the decision on Westlaw or Lexis.