Zeddrick F. WHITE

v.

**MAYFLOWER TRANSIT, LLC**
**and Does 1–100 inclusive.**

No. CV 06–6710 CASPLAX.

United States District Court,
C.D. California.

Jan. 2, 2007.

Zeddrick F. White, Los Angeles, CA, Pro se.

Gregg S. Garfinkel, Stone Rosenblatt & Cha, Woodland Hills, CA, for Mayflower Transit Inc.

SNYDER, District Judge.

**Proceedings: (IN CHAMBERS): DE-FENDANT'S MOTION TO CONFIRM ARBITRATION AWARD** (filed December 14, 2006)

The Court finds this motion appropriate for decision without oral argument. Fed. R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of January 8, 2006, is hereby vacated and the matter is taken under submission.

**I. INTRODUCTION**

The instant case arises out of an agreement between plaintiff and defendant whereby defendant agreed to ship personal items of plaintiff from New York to Los Angeles. On July 27, 2006, plaintiff filed a complaint against defendant alleging claims for: (1) contractual fraud, (2) insurance coverage, (3) general negligence, (4) property damage, and (5) intentional infliction of emotional distress. On October 20, 2006, defendant removed this action to this Court on the ground that plaintiff's claim is one for damages for injury to goods transported by a common carrier interstate, which is exclusively governed by federal law pursuant to the Carmack Amendment, 49 U.S.C. § 14706. On October 30, 2006, plaintiff filed a motion to remand. On November 20, 2006, the Court denied plaintiff's motion on the grounds that one or more of plaintiff's claims are completely preempted by the Carmack Amendment.

In the complaint, plaintiff alleges that the parties "agreed to submit their dispute to arbitration." Complaint ¶ 9. Plaintiff alleges that he does "not believe the Arbitrator used unbiased judgment when reviewing the documentation provided from both the plaintiff law firm and supporting document for the claim." *Id.* ¶ 18. Apparently the arbitrator decided in favor of defendant, and plaintiff "is requesting that the award be modified so that the plaintiff

may be compensated appropriately for the insured missing items." *Id.* ¶ 30.

On December 14, 2006, defendant filed the instant motion to confirm the arbitration award. Plaintiff filed an opposition on December 18, 2006. The Court hereby finds and concludes as follows:

## II. BACKGROUND

In January 2005, plaintiff entered into an agreement with defendant, whereby defendant would transport plaintiff's household goods from Brooklyn, New York, to Los Angeles, California. Defendant loaded plaintiff's goods on or about January 8, 2005, and delivered the goods on January 28, 2005.

On January 29, 2005, defendant received a claim from plaintiff alleging that items were missing or damaged. Defendant denied the claim on February 7, 2005, and offered to submit the dispute to binding arbitration on February 16, 2005. Plaintiff agreed to arbitrate the dispute on March 21, 2005. On April 13, 2005, defendant informed the American Moving and Storage Association ("AMSA") that defendant would consent to binding arbitration.

Plaintiff received a copy of the AMSA/National Arbitration Forum ("NAF") Dispute Settlement Program Rules and Procedures, and signed the NAF's Submission to Arbitration Form on April 25, 2005. Defendant signed the form on May 20, 2005. The form provides that "the undersigned parties, hereby agree to submit this dispute to arbitration under the rules of the AMSA Household Goods Dispute Settlement Program and the Forum's Code of Procedure. Further, both parties hereby agree to abide by and perform any award rendered hereunder and that a final judgment may be entered on the award in any federal or state court having jurisdiction thereof." Decl. of Tamara Noland, Ex. G.

On August 31, 2005, the arbitrator issued an award in favor of defendant. The arbitrator found that plaintiff could not establish any of the prima facie elements of a claim for loss and damage against defendant under the Carmack Amendment, 49 U.S.C. § 14706. Decl. of Tamara Noland, Ex. L. Plaintiff requested a modification of the award on September 20, 2005, which was denied on November 7, 2005.

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., governs the arbitration in this case. The FAA applies whenever there is a "written provision in ... a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract." 9 U.S.C. § 2.

▮▮▮ Due to the strong federal policy favoring arbitration, the FAA provides a very limited scope for judicial review of arbitration awards. Section 9 of the FAA mandates that a district court must confirm an arbitration award unless it is "vacated, modified or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. "[A]n arbitration award must be confirmed 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of authority.'" *United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms,* 74 F.3d 169, 173 (9th Cir. 1995). "Courts ... do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.... [T]hat a court is convinced [an arbitrator] committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

■ Section 10 of the FAA allows courts to vacate an arbitration award upon a finding of: (1) corruption or fraud; (2) partiality; (3) misconduct which prejudices one party; or (4) arbitration in excess of the arbitrators' authority. 9 U.S.C. § 10. If the award does not violate one of these statutory grounds, the award will not be vacated unless it is " 'completely irrational,' [or] exhibits a 'manifest disregard of law.' " *LaPine Tech., Corp. v. Kyocera Corp.*, 130 F.3d 884, 887 (9th Cir.1997) (quoting *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991)).

## IV. DISCUSSION

■ Plaintiff argues that the arbitrator's decision was biased because the arbitrator "restat[ed] defendant's remarks submitted to the Arbitration Forum on May 20, 2005 as a basis for the decision. The plaintiff's submission appears to have been ignored." Opp'n at 3. Plaintiff also contends that the arbitration process was "skewed in favor of carriers whom are sued by shippers." *Id.* at 2.

Defendant argues that the arbitration award should be confirmed because plaintiff cannot establish actual bias on the part of the arbitrator, or that the arbitrator's decision does not exhibit a "manifest disregard of law." Defendant also argues that plaintiff failed to file a motion to vacate the arbitration award within three months after the award was filed or delivered, as required under 9 U.S.C. § 12. Defendant asserts that plaintiff should not, therefore, be permitted to argue that the award should be vacated or modified at this time.

■ Section 10(a)(2) of the FAA provides that the court may vacate an arbitration award "[w]here there is evident partiality... in the arbitrators." "The party challenging the arbitration decision has the burden of showing partiality." *Woods v. Saturn Distribution Corp.*, 78 F.3d 424,

427 (9th Cir.1996). Where the integrity of the arbitrator's decision is directly at issue, as opposed to alleged nondisclosure of evidence of bias, the party challenging the arbitration award must establish actual bias. *Id.*

Plaintiff does not allege that the arbitrator failed to disclose any facts that would suggest bias in favor of defendant. Plaintiff must therefore show the existence of actual bias on the part of the arbitrator. Plaintiff has failed to present any evidence of actual bias. The fact that the arbitrator adopted the reasoning presented by defendant does not suggest that the arbitrator was therefore biased in favor of defendant.

■ Further, the arbitrator's decision cannot be said to be "completely irrational" or to exhibit a "manifest disregard of law." "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to apply the law.... It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir.1995). The arbitrator applied the standard for liability under the Carmack Amendment, and considered Supreme Court and federal circuit court decisions. The arbitrator found that plaintiff had failed to make out a *prima facie* claim for relief under the Carmack Amendment. The arbitrator did not recognize the applicable law and then ignore it.

Finally, as defendant points out, it appears that plaintiff failed to notice a motion to vacate or modify the arbitration award within three months of the date the arbitration award was delivered. *See Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir.1984) ("[A party's] failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made

to confirm the award."). Thus, plaintiff may not challenge the arbitration award.

It appears that the majority of plaintiff's claims are barred by the arbitration award. However, the arbitrator stated in the "Order On Request for Modification of Arbitration Award" that, according to Rule 19 of the AMSA Household Goods Dispute Settlement Program, "an arbitrator has jurisdiction to consider only claims for loss or damage to the household goods transported. Any other claims can be considered only upon written agreement by both the shipper and the carrier." Decl. of Tamara Noland, Ex. O. The arbitrator noted that the parties had not agreed to arbitrate any claim for overcharges, and therefore "any claim concerning overcharges is not a part of this arbitration. Likewise, the Arbitrator has no jurisdiction to consider charges that payment checks were fraudulently cashed." *Id.*

It is unclear from plaintiff's complaint whether he alleges claims based on overcharges or checks that were fraudulently cashed. The Court therefore sets a status conference for February 5, 2007, at 11:00 a.m., to clarify which of plaintiff's claims, if any, remain in light of the arbitration award.

## V. CONCLUSION

In accordance with the foregoing, defendant's motion to confirm the arbitration award is GRANTED. The parties shall appear on February 5, 2007, at 11:00 a.m., for a status conference regarding plaintiff's remaining claims.

IT IS SO ORDERED.