Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

MATT KARO AND MICHAEL KARO,
APPELLEES, v. NAU COUNTRY
INSURANCE COMPANY, APPELLANT.
___ N.W.2d ___

Filed September 22, 2017.    No. S-16-810.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Arbitration and Award: Federal Acts: Contracts.** If arbitration arises from a contract involving interstate commerce, it is governed by the Federal Arbitration Act.
3. **Arbitration and Award: Federal Acts: Contracts: Insurance: Crops.** The arbitration of disputes arising under federally reinsured crop insurance contracts plainly involves interstate commerce and, as such, is governed exclusively by the Federal Arbitration Act.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. This is so even where neither party has raised the issue.
5. **Federal Acts: Jurisdiction: Time.** To determine whether a time limit in a federal statute is a jurisdictional requirement, an appellate court inquires whether Congress has "clearly stated" that the rule is jurisdictional; absent such a clear statement, courts should treat the restriction as nonjurisdictional in character.
6. **Arbitration and Award: Federal Acts: Jurisdiction: Notice: Limitations of Actions: Appeal and Error.** The clear language of 9 U.S.C. § 9 (2012) indicates Congress intended the statutory time limits on serving notice of an application for judicial review under the Federal Arbitration Act to be jurisdictional.
7. **Arbitration and Award: Federal Acts: Limitations of Actions: Appeal and Error.** Under the Federal Arbitration Act, once the arbitrator has heard a case and entered an award, Congress has placed strict limitations on judicial review of the arbitration award by placing

temporal limits on when a court is authorized to review an award and by limiting the grounds upon which a court is authorized to vacate or modify an award. In that regard, streamlined judicial review of an arbitrator's award under the Federal Arbitration Act is similar to a restricted appellate review.

8. **Jurisdiction: Limitations of Actions: Appeal and Error.** Statutory time limits on appellate review are almost always considered jurisdictional in nature, both historically and presently, and strict compliance with such time limits is necessary.

9. **Jurisdiction: Limitations of Actions: Dismissal and Nonsuit: Appeal and Error.** The statutory time limits on notices of appeal are more than simple claim-processing rules, and when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.

10. **Arbitration and Award: Federal Acts: Notice: Time: Appeal and Error.** Similar to a notice of appeal, the Federal Arbitration Act's requirement that those seeking expedited judicial review must serve notice of their application in a certain manner and within a specified timeframe is more than a simple claim-processing rule; it is the statutory procedure that defines which forum has authority over the dispute and delineates the classes of cases the court may review.

11. **Arbitration and Award: Federal Acts: Jurisdiction: Motions to Vacate: Notice: Time.** The notice requirement under 9 U.S.C. § 12 (2012) is jurisdictional in nature, and a party's failure to serve notice of an application for judicial vacatur in the manner directed and within the time limits required has jurisdictional consequences.

12. **Judgments: Jurisdiction.** When a court lacks jurisdiction and nonetheless enters an order, such order is void.

13. **Judgments: Final Orders: Jurisdiction: Appeal and Error.** A void order is a nullity which cannot constitute a judgment or final order that confers appellate jurisdiction on a court.

Appeal from the District Court for Holt County: Mark D. Kozisek, Judge. Vacated and dismissed.

Thomas M. Locher and Amy Locher, of Locher, Pavelka, Dostal, Braddy & Hammes, L.L.C., and Mitch D. Carthel, of Mullin, Hoard & Brown, L.L.P., for appellant.

Sean A. Minahan, of Lamson, Dugan & Murray, L.L.P., for appellees.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

STACY, J.

This is an appeal from a judgment of the Holt County District Court vacating an arbitration award under the Federal Arbitration Act (FAA).[1] Because we conclude the district court lacked jurisdiction to vacate the arbitration award, we vacate the district court's judgment and dismiss the appeal.

## I. FACTS

Matt Karo and Michael Karo farm together in Holt County, Nebraska. They each obtained federally reinsured crop insurance policies, serviced by NAU Country Insurance Company (NAU), for the acres at issue in this dispute.

In 2012, the Karos submitted "prevented planting" claims under their crop insurance policies, claiming they were unable to plant corn on certain acres due to wet conditions. Federal crop insurance policies are uniform, and the provisions of the policies are codified at 7 C.F.R. § 457.8 (2017). "Prevented planting" for the purpose of federal crop insurance is defined as follows:

> Failure to plant the insured crop by the final planting date designated in the Special Provisions for the insured crop in the county, or within any applicable late planting period, due to an insured cause of loss that is general to the surrounding area and that prevents other producers from planting acreage with similar characteristics. Failure to plant because of uninsured causes such as lack of proper equipment or labor to plant the acreage, or use of a particular production method, is not considered prevented planting.[2]

The policies issued to the Karos also provided, "[I]f it is possible for you to plant on or prior to the final planting date

---

[1] 9 U.S.C. § 1 et seq. (2012).

[2] 7 C.F.R. § 457.8, ¶ 1.

when other producers in the area are planting and you fail to plant, no prevented planting payment will be made."[3]

It is undisputed that in 2012, the Karos did not plant their corn crop on the insured acres prior to the final planting date. The Karos claimed continuous wet conditions prevented them from doing so. The Karos did not attempt to plant corn during the late planting period, but did plant soybeans on some acres.

NAU denied the Karos' prevented planting claims. It found that excessive moisture was not general to the surrounding area and did not prevent other producers from planting acres with similar characteristics.

### 1. Arbitration

Pursuant to a mandatory arbitration clause in the crop insurance policies,[4] the parties submitted their disputes to binding arbitration. After an evidentiary hearing, the arbitrator issued a final arbitration award in favor of NAU, denying the Karos' claims under the "prevented planting coverage" of the crop insurance policies. The arbitration award denying coverage was issued January 21, 2014.

In denying coverage, the arbitrator found "[t]he evidence as presented, concerning the excessive moisture in the area in early spring, did not prevent most other producers with acreage with similar characteristics from planting their acres."

### 2. The Karos Seek to Judicially Vacate Arbitration Award

On May 15, 2014, the Karos filed what they termed a "Petition for Judicial Review" in the Holt County District Court seeking to vacate the arbitration award under § 10 of the FAA.[5] Section 10(a) provides:

---

[3] Id., § 457.8, ¶ 17(d)(2).

[4] See id., § 457.8, ¶ 20(a) ("[For Reinsured Policies]").

[5] See 9 U.S.C. § 10.

In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The Karos relied on § 10(a)(4) to support their request to vacate the award.

NAU filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6), alleging the Karos had failed to state a claim upon which relief could be granted. The district court overruled the motion and required NAU to file an answer. NAU's answer generally denied the Karos' complaint for vacatur, and it set forth several affirmative defenses, but NAU did not file an application or motion to confirm the award.[6]

In March 2016, all parties moved for summary judgment. After an evidentiary hearing, the court granted the Karos' summary judgment motion and vacated the arbitration award under § 10(a)(4) of the FAA, finding that the arbitrator exceeded his powers and manifestly disregarded the law.

NAU timely appealed from that judgment, and we granted its petition to bypass the Nebraska Court of Appeals.

---

[6] See 9 U.S.C. § 9.

## II. ASSIGNMENTS OF ERROR

NAU assigns, restated, that the district court erred in (1) reviewing and vacating the arbitration award; (2) applying the manifest disregard of the law doctrine; (3) ruling that the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made; and (4) refusing to grant NAU's motion for summary judgment.

## III. STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[7]

## IV. ANALYSIS

### 1. FAA Governs This Appeal

[2,3] As a threshold matter, we agree with the district court and the parties that the issues presented in this appeal are governed by the FAA. It is well-settled that "if arbitration arises from a contract involving interstate commerce, it is governed by the FAA."[8] The arbitration of disputes arising under federally reinsured crop insurance contracts plainly involves interstate commerce and, as such, is governed exclusively by the FAA.[9]

### 2. Judicial Vacatur Under FAA

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it

---

[7] *In re Interest of Luz P. et al.*, 295 Neb. 814, 891 N.W.2d 651 (2017).

[8] *Aramark Uniform & Career Apparel v. Hunan, Inc.*, 276 Neb. 700, 703, 757 N.W.2d 205, 209 (2008).

[9] *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010); *Svancara v. Rain and Hail, LLC*, No. 8:09CV144, 2009 WL 2982906 (D. Neb. Sept. 11, 2009) (unpublished memorandum and order) (citing *Nobles v. Rural Community Ins. Services*, 122 F. Supp. 2d 1290 (M.D. Ala. 2000)).

has jurisdiction over the matter before it.[10] This is so even where, as here, neither party has raised the issue.[11] The threshold issue we must address is whether the Karos satisfied the statutory preconditions to seeking judicial vacatur under the FAA.

"Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'"[12] The FAA includes mechanisms for enforcing arbitration awards in state and federal courts that have jurisdiction,[13] including provisions for obtaining judicial confirmation of the award,[14] and separate provisions for judicial vacatur[15] or modification[16] of an award. The U.S. Supreme Court has described these provisions as providing "expedited judicial review"[17] of arbitration awards, and it has observed that "[a]n application for any of these orders will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."[18]

We observe that in the present case, the district court and the parties appear to have treated the Karos' request for

---

[10] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[11] *Schlake v. Schlake*, 294 Neb. 755, 885 N.W.2d 15 (2016).

[12] *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 581, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

[13] *Hall Street Associates, L. L. C., supra* note 12.

[14] 9 U.S.C. § 9.

[15] *Id*., § 10.

[16] *Id*., § 11

[17] *Hall Street Associates, L. L. C., supra* note 12, 552 U.S. at 592.

[18] *Id*., 552 U.S. at 582. See, also, 9 U.S.C. § 6 ("[a]ny application to the court [under the FAA] shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided").

judicial vacatur not as a motion, but, rather, as an ordinary civil complaint, governed by the Nebraska Court Rules of Pleading in Civil Cases and amenable to motions for summary judgment under Neb. Rev. Stat. § 25-1330 et seq. (Reissue 2016). While the procedure used here runs contrary to that mandated by the FAA and threatens to develop expedited judicial vacatur into full scale litigation with evidentiary hearings and dispositive motions,[19] no one assigns this as error, and in any event, the procedure followed does not drive our disposition of this case. Instead, our disposition focuses on the statutory 3-month notice requirement for seeking judicial vacatur under the FAA[20] and whether that requirement is jurisdictional in nature.

Section 12 of the FAA governs motions to vacate and modify awards under §§ 10 and 11 of the FAA.[21] Section 12 provides, in relevant part:

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

---

[19] See *O.R. Securities v. Professional Planning Assoc.*, 857 F.2d 742 (11th Cir. 1988) (under FAA and Federal Rules of Civil Procedure, proper way to request judicial vacatur is filing motion in district court rather than complaint; one defending award should not have burden of dismissing complaint).

[20] 9 U.S.C. § 12.

[21] See *id.*, §§ 10 through 12.

Use of the terms "must" and "shall" in 9 U.S.C. § 12 of the FAA leaves little room to argue that the requirements of serving notice are permissive rather than mandatory. And we understand the 3-month notice requirement to implicitly require filing the application within the same timeframe.

Here, the record shows the arbitration award was issued January 21, 2014. It was received January 23, but the Karos did not move to vacate the award until May 15, when they filed the application in the district court and provided NAU notice of the same via U.S. mail. Because the Karos' motion to vacate was filed and served outside the 3-month period mandated by § 12, we must determine the legal effect, if any, of the Karos' delay. The U.S. Supreme Court has not addressed this question, but the Eighth Circuit Court of Appeals has.

In *Piccolo v. Dain, Kalman & Quail, Inc.*,[22] the Eighth Circuit determined that serving notice within the 3-month timeframe under § 12 is a statutory precondition to judicial review of an arbitration award. In that case, pro se parties to an arbitration award governed by the FAA sought to vacate the award more than 3 months after it was issued. The federal district court dismissed the matter, finding that the parties' failure to serve notice within 3 months of the arbitration award deprived the court of power to review the award under the FAA. The Eighth Circuit Court of Appeals agreed, reasoning that "[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice [under § 12 of the FAA] forfeits the right to judicial review of the award [under § 10 of the FAA]."[23] The court went on to conclude that a party's "failure to serve [a motion] to vacate within three months of the award deprived [the district court] of power

---

[22] *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598 (8th Cir. 1981).

[23] *Id.* at 600. See 9 U.S.C. §§ 10 and 12.

to review the award."[24] Other courts have reached similar conclusions.[25]

Although the Eighth Circuit in *Piccolo* did not expressly hold the 3-month notice requirement under § 12 jurisdictional, it implied as much by holding that a court's "power to review the award" is present only when the statutory preconditions of § 12 have been met.[26] "Jurisdiction" is a term that "refers to a court's adjudicatory authority,"[27] and the U.S. Supreme Court has observed that "jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'"[28]

The Eighth Circuit's opinion in *Piccolo* has been cited with approval by one panel of the 10th Circuit Court of Appeals,[29] but another panel of the same circuit has concluded that the notice requirement in § 12 is more "in the nature of a statute of limitations, which is subject to waiver."[30] Other courts have relied upon the 3-month notice requirement under § 12 to preclude judicial consideration of untimely vacatur requests without expressly addressing whether the requirement is jurisdictional in nature.[31] And

---

[24] *Piccolo, supra* note 22, 641 F.2d at 600.

[25] See, *Pfannenstiel v. Merrill Lynch, Pierce*, 477 F.3d 1155 (10th Cir. 2007); *Franco v. Prudential Bache Securities, Inc.*, 719 F. Supp. 63 (D. Puerto Rico 1989).

[26] *Piccolo, supra* note 22, 641 F.2d at 600.

[27] *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010).

[28] *Landgraf v. USI Film Products*, 511 U.S. 244, 274, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994).

[29] See *Pfannenstiel, supra* note 25.

[30] See *Foster v. Turley*, 808 F.2d 38, 41 (10th Cir. 1986). See 9 U.S.C. § 12.

[31] See, e.g., *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334 (9th Cir. 1986); *White v. Mayflower Transit, LLC*, 481 F. Supp. 2d 1101 (C.D. Cal. 2007); *M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576 (S.D.N.Y. 2003); *Federated Rural Elec. Ins. Ex. v. Nationwide Mut.*, 134 F. Supp. 2d 923 (S.D. Ohio 2001).

while some courts have indirectly approached the juris-
dictional question by considering whether the time limit
in § 12 is subject to equitable tolling, those courts have
reached inconsistent conclusions despite applying similar
legal principles.[32]

The present case requires us to squarely address this unset-
tled question of federal law and decide whether the 3-month
time limit in § 12 is a jurisdictional requirement. If it is, the
Karos' delay in filing their application and serving notice
deprived the district court of jurisdiction to vacate the award.
If, however, the time limit is more in the nature of an affirma-
tive defense, then NAU waived it by failing to raise it in the
district court.[33]

Before undertaking this jurisdictional analysis, we pause
to clarify that the question before us has little to do with the
unrelated, but equally unsettled, question of when a federal
court has subject matter jurisdiction under the FAA.[34] We
are aware of the U.S. Supreme Court's decision in *Vaden
v. Discover Bank*[35] and its holding that federal courts may
hear claims under the FAA only when there is an inde-
pendent basis for federal jurisdiction. In *Vaden*, the Court

---

[32] Compare, e.g., *Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d
1152 (9th Cir. 2016) (3-month time limit under FAA is subject to equitable
tolling), and *Chilcott Entertainment v. John G. Kinnard*, 10 P.3d 723
(Colo. App. 2000) (3-month notice requirement under § 12 of FAA is not
subject to equitable tolling).

[33] See *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 128
S. Ct. 750, 169 L. Ed. 2d 591 (2008) (unless statutory time limitation
is jurisdictional, law typically treats statute of limitations defense as
affirmative defense that must be raised or is waived). Cf. *State v. Crawford*,
291 Neb. 362, 865 N.W.2d 360 (2015).

[34] See, e.g., Kristen M. Blankley, *A Uniform Theory of Federal Court
Jurisdiction Under the Federal Arbitration Act*, 23 Geo. Mason L. Rev.
525 (2016).

[35] *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 173 L. Ed. 2d 206
(2009).

explained that the "'body of federal substantive law'" generated by the FAA is "equally binding on state and federal courts"[36] but:

> "As for jurisdiction over controversies touching arbitration," however, the [FAA] is "something of an anomaly" in the realm of federal legislation: It "bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis" over the parties' dispute. . . . Given the substantive supremacy of the FAA, but the [FAA's] nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate.[37]

The Karos filed their application for judicial vacatur in state court rather than federal court, so we are not concerned here with questions of federal court jurisdiction. Rather, the threshold question presented is whether the 3-month time limit under § 12 of the FAA is jurisdictional in nature, such that it cannot be waived and courts must consider the issue sua sponte even when the parties do not raise it.[38]

(a) Framework Under Federal Law
for Determining When Statutory
Time Limits Are Jurisdictional

Because the question presented requires this court to interpret federal law, we look to federal court decisions for guidance. The U.S. Supreme Court has, in recent years, endeavored to "'bring some discipline'" to its "use of the term 'jurisdictional'" due to what it described as its "'less than meticulous' use of the term in the past."[39] Generally speaking, it has done so by attempting to distinguish between those statutory time

---

[36] *Id.*, 556 U.S. at 59.

[37] *Id.*

[38] See, *John R. Sand & Gravel Co., supra* note 33; 9 U.S.C. § 12.

[39] *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012).

limits which are merely "'claim-processing rules'" and those which affect a court's "'adjudicatory authority'" and thus are jurisdictional.[40]

Over the past decade or so, the Court has granted certiorari in several cases to determine whether statutory time limitations were jurisdictional and, in most of those cases, concluded they were not.[41] The Supreme Court has observed that "[m]ost statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims" and for that reason, "the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver."[42] The Court has described these ordinary statutory filing deadlines as "'quintessential claim processing rules'" which "'seek to promote the orderly process of litigation,' but do not deprive a court of authority to hear a case."[43] Alternatively, when statutory time limitations "seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader

---

[40] *Id.*

[41] Compare, e.g., *U.S. v. Kwai Fun Wong*, ___ U.S. ___, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015) (statutory requirement that suit under Federal Tort Claims Act be filed within 6 months after claim denied by federal agency is not jurisdictional); *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145, 133 S. Ct. 817, 184 L. Ed. 2d 627 (2013) (180-day filing deadline for filing appeals to Medicare's Provider Reimbursement Review Board is not jurisdictional); and *Henderson v. Shinseki*, 562 U.S. 428, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) (120-day deadline for filing notice of appeal seeking de novo review before Board of Veterans' Appeals is not jurisdictional), with *John R. Sand & Gravel Co., supra* note 33 (6-year statutory limitation on filing claims before U.S. Court of Federal Claims is jurisdictional and cannot be waived); *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007) (statutory time limits for taking appeal in civil case are mandatory and jurisdictional).

[42] *John R. Sand & Gravel Co., supra* note 33, 552 U.S. at 133.

[43] *Kwai Fun Wong, supra* note 41, 135 S. Ct. at 1632 (quoting *Henderson, supra* note 41).

system-related goal," they more often are considered jurisdic-
tional in nature.[44]

The Court has "urged that a rule should not be referred to
as jurisdictional unless it governs a court's adjudicatory capac-
ity, that is, its subject-matter or personal jurisdiction."[45] But
the Court has also recognized that even where a statutory time
limitation appears to be a claim-processing rule, it may nev-
ertheless be jurisdictional because "Congress is free to attach
the conditions that go with the jurisdictional label to a rule
that we would prefer to call a claim-processing rule."[46] The
Court has acknowledged that "[w]hile perhaps clear in theory,
the distinction between jurisdictional conditions and claim-
processing rules can be confusing in practice."[47]

[5] To make it easier for courts applying federal law to
determine whether statutory time limits are jurisdictional, the
U.S. Supreme Court has recently adopted what it refers to
alternatively as the "clear statement rule"[48] or the "'bright
line'" rule.[49] In *Sebelius v. Auburn Regional Medical Center*,[50]
the Court explained the rule as follows:

> To ward off profligate use of the term "jurisdiction,"
> we have adopted a "readily administrable bright line"
> for determining when to classify a statutory limitation
> as jurisdictional. . . . We inquire whether Congress
> has "clearly state[d]" that the rule is jurisdictional;
> absent such a clear statement, we have cautioned,
> "courts should treat the restriction as nonjurisdictional

---

[44] *John R. Sand & Gravel Co., supra* note 33, 552 U.S. at 133.

[45] *Henderson, supra* note 41, 562 U.S. at 435.

[46] *Id.*

[47] *Reed Elsevier, Inc., supra* note 27, 559 U.S. at 161.

[48] *Kwai Fun Wong, supra* note 41, 135 S. Ct. at 1632. See, also, *Gonzalez,
supra* note 39.

[49] *Sebelius, supra* note 41, 568 U.S. at 153.

[50] *Sebelius, supra* note 41.

in character." . . . This is not to say that Congress must incant magic words in order to speak clearly. We consider "context, including this Court's interpretations of similar provisions in many years past," as probative of whether Congress intended a particular provision to rank as jurisdictional.[51]

With these principles in mind, we review the statutory language of the FAA for any clear indication that Congress intended the statutory time limits on serving notice of an application for expedited judicial review to be jurisdictional.

### (b) Congress Intended Notice Requirements Under §§ 9 and 12 to Be Jurisdictional

As noted, the FAA authorizes parties to an arbitration to apply for expedited judicial review of arbitration awards seeking either to confirm the award,[52] vacate the award,[53] or modify the award.[54] The notice requirements for judicial confirmation are set out in § 9 of the FAA and the notice requirements for judicial vacatur and modification are set out in § 12.[55] Under both §§ 9 and 12, it is mandatory that notice of any application be served on the adverse party, and the manner in which notice must be served is the same. Only the time period for serving the required notice is different—those applying for judicial confirmation may do so anytime within 1 year after the award,[56] and those applying for judicial vacatur or modification must do so within 3 months after the award is filed or delivered.[57]

---

[51] *Id.*, 568 U.S. at 153-54 (citations omitted).

[52] 9 U.S.C. § 9.

[53] *Id.*, § 10.

[54] *Id.*, § 11.

[55] *Id.*, §§ 9 and 12.

[56] *Id.*, § 9.

[57] *Id.*, § 12.

Section 9, which is titled "Award of arbitrators; confirmation; jurisdiction; procedure," provides in pertinent part:

[A]ny time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. . . . *Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.* If the adverse party is a resident of the district in which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[58]

Section 9 provides that an application for judicial confirmation "may" be filed anytime within 1 year after an award appears, and this language has caused federal courts to split over whether the 1-year time period is mandatory or permissive.[59] But here, we are not concerned with interpreting the requirements for timely filing applications to confirm awards. Rather, we look to the language of § 9 for instruction, if any, on whether Congress considered the notice requirements attendant to the streamlined process for judicial review to be mandatory and jurisdictional in nature.

---

[58] *Id*., § 9 (emphasis supplied).

[59] See Teresa L. Elliott, *Conflicting Interpretations of the One-Year Requirement on Motions to Confirm Arbitration Awards*, 38 Creighton L. Rev. 661 (2005) (analyzing split in federal courts over whether 9 U.S.C. § 9 allows parties to seek judicial confirmation of award more than 1 year after award is entered).

Section 9 requires that notice of any application for judicial confirmation "shall be served upon the adverse party" and "shall be made" in the manner provided, and it then expressly provides that "thereupon," after service of such notice, "the court shall have jurisdiction" over the adverse parties to the arbitration. This is a clear indication that Congress intended the statutory requirements for serving notice of an application for expedited judicial review under the FAA to be jurisdictional in nature. And while it is tempting to think about the FAA's notice requirements using traditional notions of personal jurisdiction, we are not persuaded that the general jurisprudence governing obtaining and waiving personal jurisdiction in federal court actions has any proper application to the sort of streamlined judicial review Congress authorized under the FAA.

Both the title and the statutory language of § 9 indicate that Congress intended compliance with the notice requirement to carry jurisdictional consequence. This makes practical sense, because expedited judicial review under the FAA gets "streamlined treatment as a motion"[60] and thus is not subject to the formal process or time restrictions on serving complaints. The FAA's requirement of serving notice of an application on the adverse party is the only procedure governing movement of the case from the arbitral forum to the judicial forum.

[6] We conclude, based on the clear statutory language of § 9, that the notice requirements governing judicial review under the FAA are intended to "govern[] a court's adjudicatory capacity"[61] and properly are termed jurisdictional. We next consider whether the same can be said for the 3-month time limit under § 12.

---

[60] See *Hall Street Associates, L. L. C., supra* note 12, 552 U.S. at 582. See, also, 9 U.S.C. § 6 ("[a]ny application to the court [under the FAA] shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided").

[61] *Henderson, supra* note 41, 562 U.S. at 435.

Under § 12, Congress used mandatory language to set out both the notice requirements and the timeframe for serving such notice. That section requires that notice of an application seeking judicial vacatur "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Although Congress did not, in § 12, repeat the phrase from § 9 that "thereupon the court shall have jurisdiction" when addressing notice under § 12, we conclude it is appropriate to analyze §§ 9 and 12 together when considering the effect of the jurisdictional language.

We are mindful that the U.S. Supreme Court has counseled against restrictively "parsing the language" when comparing similar provisions of the sections governing judicial review under the FAA.[62] In *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*,[63] the Court considered whether differences in the permissiveness of the venue language used in § 9 (judicial confirmation) could be reconciled with the more mandatory venue language used in §§ 10 and 11 (judicial vacatur and modification). There, a unanimous Court held that the language of §§ 10 and 11 should be read to "supplement, but . . . not supplant" the permissive language of § 9, reasoning that these sections "are best analyzed together, owing to their contemporaneous enactment and the similarity of their pertinent language."[64] The Court noted some of the practical problems that would result from construing the venue requirements differently for judicial confirmation and vacatur, and it ultimately concluded that permissive venue was more consistent with the FAA's "'statutory policy of rapid and unobstructed enforcement of arbitration agreements.'"[65] We assume the same interpretive reasoning applies here.

---

[62] *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 198, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000).

[63] *Cortez Byrd Chips, Inc., supra* note 62.

[64] *Id.*, 529 U.S. at 198.

[65] *Id.*, 529 U.S. at 201.

Although different timeframes apply for serving notice under §§ 9 and 12, there is no difference in the mandatory process by which the adverse party must be served with notice of the application, and no difference in the practical purpose for requiring such notice. It would make little sense for Congress to give clear jurisdictional weight to serving notice in one context but not the other, and we see nothing in the language or purpose of the FAA that would compel the conclusion that Congress intended the statutory notice requirements for expedited judicial review to be jurisdictional when a party seeks judicial confirmation, but not when a party seeks judicial vacatur or modification. Even though § 9 governs judicial confirmation, it expressly references vacating, modifying, or correcting awards "as prescribed in sections 10 and 11 of this title"[66] before stating the jurisdictional impact of serving notice of applications for judicial review. Due to the similarity of the mandatory notice procedures, we analyze §§ 9 and 12 together, and we conclude that whether an arbitrating party is applying for judicial review to confirm an award under § 9 or to vacate or modify an award under §§ 10 and 11, Congress intended that a party's failure to serve notice of the application in the manner directed, and within mandatory time limits, would have jurisdictional consequences.

### (c) Context and Purpose of § 12
### Indicate It Is Jurisdictional

Our conclusion that Congress intended the 3-month time limit under § 12 to be jurisdictional is supported by more than just the presence of clear jurisdictional language in § 9. The U.S. Supreme Court has directed that in addition to considering whether Congress used language clearly stating that a time limitation is jurisdictional, courts should consider "'context, including this Court's interpretations of similar provisions in many years past,'" as probative of

---

[66] 9 U.S.C. § 9.

whether Congress intended a particular provision to rank as jurisdictional.[67]

In discussing the purpose of the time limit in § 12, the Second Circuit Court of Appeals reasoned:

> The role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award. . . . Thus, when a party to an arbitration believes that he has been prejudiced in the proceedings by behavior that the [FAA] condemns he must bring a motion to vacate within the allotted time. When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding.[68]

Under the FAA, state and federal courts have only an ancillary role in the arbitration process. The U.S. Supreme Court has described judicial review under §§ 9 through 11 of the FAA as

> substantiating a national policy favoring arbitration with just the limited [judicial] review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process" . . . .[69]

[7] Under the FAA, once the arbitrator has heard a case and entered an award, Congress has placed strict limitations on judicial review of the arbitration award by placing temporal limits on when a court is authorized to review an award[70] and

---

[67] *Sebelius, supra* note 41, 568 U.S. at 153-54.

[68] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2d Cir. 1984) (citation omitted).

[69] See *Hall Street Associates, L. L. C., supra* note 12, 552 U.S. at 588.

[70] See, e.g., 9 U.S.C. §§ 9 and 12.

by limiting the grounds upon which a court is authorized to vacate or modify such an award.[71] In that regard, the streamlined judicial review of an arbitrator's award is similar to restricted appellate review, and we conclude it is appropriate to view the timely notice requirements governing judicial review in that context as well.

Before addressing the law which has developed around the jurisdictional nature of notices of appeal, we pause to acknowledge that the streamlined motion process which Congress adopted for expedited judicial review of arbitration awards is procedurally unique and resists easy application of the settled jurisprudence that federal courts apply in both actions and appeals. Traditional concepts of subject matter jurisdiction, personal jurisdiction, and appellate jurisdiction are strained by the FAA's streamlined procedure for judicial review of arbitrations. But until the U.S. Supreme Court weighs in on this issue, we find it necessary to draw from the settled jurisprudence governing those traditional concepts in order to resolve the jurisdictional questions which are not answered in the sparse provisions of the FAA.

[8] Unlike statutes of limitation that govern filing actions in the trial courts, statutory time limits on appellate review are almost always considered jurisdictional in nature, both historically and presently, and strict compliance with such time limits is necessary.[72] The U.S. Supreme Court recognized as much in *Bowles v. Russell.*[73]

---

[71] See, *id.*, §§ 10 and 11; *Hall Street Associates, L. L. C., supra* note 12.

[72] See, generally, 4 C.J.S. *Appeal and Error* § 361 (2007). See, also, *Henderson, supra* note 41, 562 U.S. at 438 ("time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional"); *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 835 N.W.2d 44 (2013) (appellate courts do not generally acquire jurisdiction of appeal unless notice of appeal is filed and docket fee is paid within 30 days of final order).

[73] *Bowles, supra* note 41.

[9] In *Bowles*, the Court considered whether the statutory time limit for filing a notice of appeal in a habeas action was jurisdictional. The district court had denied habeas relief and then gave the petitioner additional time in which to file his notice of appeal. According to federal statute, a notice of appeal must be filed within 30 days of entry of judgment,[74] and district courts have limited authority to grant motions to reopen the time to file an appeal for a period of 14 days.[75] The district court purported to reopen the filing period for more than 14 days. Because of this, the Court of Appeals found the notice of appeal was untimely filed and concluded it lacked jurisdiction over the appeal. The Supreme Court granted certiorari, and affirmed. The Court acknowledged that several of its recent opinions had undertaken to clarify the distinction between jurisdictional rules and claims-processing rules, but pointed out that "none of them calls into question our long-standing treatment of statutory time limits for taking an appeal as jurisdictional."[76] The Court went on to explain:

> Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in §2107(c), that limitation is more than a simple "claim-processing rule." As we have long held, when an "appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction."[77]

Like the time-sensitive notice-of-appeal requirements considered jurisdictional in *Bowles*, the notice requirements that govern judicial review under the FAA are "more than a simple 'claim-processing rule.'"[78] Like notices of appeal, the notice

---

[74] See 28 U.S.C. § 2107(a) (2012).

[75] See *id.*, § 2107(c).

[76] *Bowles, supra* note 41, 551 U.S. at 210.

[77] *Id.*, 551 U.S. at 213.

[78] *Id.*

requirements for judicial review under the FAA play a critical role in the orderly movement of the case between forums in a multiforum system.

[10] The concept of jurisdiction—in its most essential form—has been described as "erect[ing] both the fences that separate forums and the gates that cases may pass through."[79] The FAA's requirement that one seeking judicial vacatur must serve notice of the application in a certain manner and within a specified timeframe, like the notice of appeal considered jurisdictional in *Bowles*, is the statutory procedure that defines which forum has authority over the dispute. Because it "'delineat[es] the classes of cases'" the court may review, it is properly considered jurisdictional.[80] Indeed, if the notice requirements under § 12 are not considered jurisdictional in nature, then we see nothing else in the FAA which purports to govern the movement of a case from the arbitral forum into the judicial forum for purposes of judicial vacatur or modification under §§ 10 and 11.

### (d) 3-Month Notice Requirement
### Is Jurisdictional

[11] For all these reasons, we conclude that the 3-month notice requirement of § 12 is jurisdictional in nature and that the Karos' failure to comply with the requirement deprived the district court of authority under the FAA to vacate the arbitration award under § 10. While expedited judicial review under § 10(a) of the FAA may not be the only way to bring an arbitration award before the courts,[81] it was the only ground relied upon by the Karos in seeking vacatur, and we express no opinion about other possible avenues for judicial enforcement of this award.

---

[79] Scott Dodson, *Jurisdiction and Its Effects*, 105 Geo. L.J. 619, 634 (2017).

[80] *Reed Elsevier, Inc., supra* note 27, 559 U.S. at 160.

[81] See *Hall Street Associates, L. L. C., supra* note 12, 552 U.S. at 590 (noting §§ 10 and 11 of FAA are "not the only way into court for parties wanting review of arbitration awards").

[12,13] When a court lacks jurisdiction and nonetheless enters an order, such order is void.[82] "'[A] void order is a nullity which cannot constitute a judgment or final order that confers appellate jurisdiction on [a] court.'"[83] Because the district court lacked jurisdiction to enter a judgment vacating the arbitration award under the FAA, its judgment is void and NAU's appeal from such judgment cannot confer appellate jurisdiction upon this court. Accordingly, we do not reach the other jurisdictional and legal issues briefed by the parties.

## V. CONCLUSION

For the foregoing reasons, we vacate the district court's judgment and dismiss this appeal for lack of jurisdiction.

VACATED AND DISMISSED.

---

[82] *Anderson v. Finkle*, 296 Neb. 797, 896 N.W.2d 606 (2017).

[83] *Id.* at 802-03, 896 N.W.2d at 611.