Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/31/2018 09:10 AM CDT

Frederick Heiden and Ann Heiden, husband and wife,
appellees, v. Tracy J. Norris, appellant.

___ N.W.2d ___

Filed June 8, 2018.    No. S-17-689.

1. **Visitation: Appeal and Error.** Determinations concerning grandparent
   visitation are initially entrusted to the discretion of the trial court, whose
   determinations on appeal will be reviewed de novo on the record and
   affirmed in the absence of an abuse of the trial court's discretion.
2. **Standing.** Under the doctrine of standing, a court may decline to deter-
   mine the merits of a legal claim because the party advancing it is not
   properly situated to be entitled to its judicial determination.
3. **Statutes.** Statutory interpretation presents a question of law.
4. **Statutes: Appeal and Error.** Statutory language is to be given its plain
   and ordinary meaning, and an appellate court will not resort to inter-
   pretation to ascertain the meaning of words which are plain, direct, and
   unambiguous.
5. **Statutes: Legislature: Intent.** In discerning the meaning of a statute,
   a court determines and gives effect to the purpose and intent of the
   Legislature as ascertained from the entire language considered in its
   plain, ordinary, and popular sense.
6. **Statutes.** A court must attempt to give effect to all parts of a statute,
   and if it can be avoided, no word, clause, or sentence will be rejected as
   superfluous or meaningless.
7. ____. The whole and every part of a statute must be considered in fixing
   the meaning of any of its parts.
8. **Statutes: Intent.** In construing a statute, a court looks to the statutory
   objective to be accomplished, the evils and mischiefs sought to be rem-
   edied, and the purpose to be served. A court must then reasonably or
   liberally construe the statute to achieve the statute's purpose, rather than
   construing it in a manner that defeats the statutory purpose.
9. **Statutes: Courts.** Generally, statutes in derogation of the common law
   are to be strictly construed.

10. **Visitation: Statutes: Courts.** Grandparent visitation did not exist at common law, and thus should be strictly limited to the definition provided by law.

Appeal from the District Court for Hamilton County: Rachel A. Daugherty, Judge. Order vacated, and cause remanded with directions to dismiss.

James M. Buchanan, P.C., L.L.O., for appellant.

Scott D. Grafton, of Grafton Law Office, P.C., L.L.O., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Welch, Judge.

Heavican, C.J.

## INTRODUCTION

Frederick Heiden and Ann Heiden filed a complaint to establish grandparent visitation. Visitation was granted. Tracy J. Norris, the biological father of the children impacted by the order, has appealed. The primary issue on appeal is whether the Heidens are grandparents for purposes of the grandparent visitation statutes, Neb. Rev. Stat. §§ 43-1801 to 43-1803 (Reissue 2016). We vacate the order of visitation and remand the cause with directions to dismiss.

## BACKGROUND

Tracy and Katherine Norris were divorced in 2016 in Hamilton County, Nebraska. The couple had three children together. Katherine died on July 14, 2016. Since that time, the children have resided with Tracy in Fort Collins, Colorado; the Heidens live in Hampton, Nebraska. The record includes a partial transcript from Tracy and Katherine's divorce proceeding in which the Heidens acknowledge that they were not Katherine's legal (adoptive or biological) parents, but had raised Katherine since she was 3 years of age.

On October 21, 2016, the Heidens sought grandparent visitation, alleging that they were

grandparents of the minor children *as the context requires* as they have acted as the grandparents of the minor children during their entire lives. Prior to the death of the minor children's mother, a significant beneficial relationship existed between the minor children and the [Heidens] as they resided together from approximately November of 2013 to July 14th, 2016 and the [Heidens] had significant contact with each of the children from the time they were born.

(Emphasis supplied.) Tracy was apparently served with this complaint, but did not appear. An order granting default judgment and visitation to the Heidens was entered on January 5, 2017.

On January 11, 2017, Tracy filed a motion to alter or amend, and on February 2, he filed a motion to vacate, alleging that the Hamilton County District Court did not have jurisdiction. At the hearing, Tracy explained that he did not respond to the complaint because he did not think the Heidens would be able to establish that they were the children's grandparents.

Following the district court's conclusion that it had jurisdiction, Tracy filed another motion on May 8, 2017, entitled "Motion to Vacate, Motion to Alter or Amend, or, Notice of Appeal." On June 29, the district court sustained this motion in part, amending the prior visitation order. Tracy appeals.

## ASSIGNMENT OF ERROR

Tracy assigns that the district court erred in finding that the Heidens had standing to bring this action.

## STANDARD OF REVIEW

[1] Determinations concerning grandparent visitation are initially entrusted to the discretion of the trial court, whose determinations on appeal will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial court's discretion.[1]

---

[1] See *Hamit v. Hamit*, 271 Neb. 659, 715 N.W.2d 512 (2006).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[2] The district court concluded that it had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.[3] Having reviewed the record, we agree.[4]

We turn to Tracy's sole argument on appeal that the Heidens lacked standing to bring an action for grandparent visitation. Tracy contends that the Heidens are unable to prove that they are the children's grandparents for purposes of Nebraska's grandparent visitation statutes because they were not Katherine's "biological or adoptive parents" as required by those statutes.[5]

[2] Tracy conflates standing with the merits of the Heidens' claim. Under the doctrine of standing, a court may decline to determine the merits of a legal claim because the party advancing it is not properly situated to be entitled to its judicial determination.[6] But as we have said previously, the focus of the standing inquiry is "on the party, not the claim itself."[7] For that very reason, in considering standing, the legal and factual validity of the claim presented must be assumed.[8] Here, if the Heidens' assertions that they are grandparents

---

[2] *Karo v. Nau Country Ins. Co.*, 297 Neb. 798, 901 N.W.2d 689 (2017).

[3] Neb. Rev. Stat. §§ 43-1226 to 43-1266 (Reissue 2016).

[4] See § 43-1239.

[5] Brief for appellant at 7. See § 43-1801.

[6] *Central Neb. Pub. Power Dist. v. North Platte NRD*, 280 Neb. 533, 788 N.W.2d 252 (2010).

[7] *Id*. at 541-42, 788 N.W.2d at 260.

[8] See, e.g., *Cotrell v. Alcon Laboratories*, 874 F.3d 154 (3d Cir. 2017); *Delaware Dept. of Nat. Resources v. F.E.R.C.*, 558 F.3d 575 (D.C. Cir. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)); *Initiative and Referendum Institute v. Walker*, 450 F.3d 1082 (10th Cir. 2006); *Mr. Furniture v. Barclays American/Commercial Inc.*, 919 F.2d 1517 (11th Cir. 1990).

within the meaning of § 43-1801 and entitled to visitation under the statute are assumed to be valid, it becomes plain that the Heidens are the proper parties to bring such a claim and thus have standing.

But the crux of Tracy's argument is that the Heidens were not entitled to an order of visitation. Tracy contends that because the Heidens were not Katherine's legal parents, they are not grandparents under our statutes and thus are not entitled to consideration of their request for visitation. We turn to that contention, which is a matter of statutory interpretation.

Section 43-1802 sets forth a grandparent's right to visitation in part as follows:

(1) A grandparent may seek visitation with his or her minor grandchild if:

(a) The child's parent or parents are deceased;

(b) The marriage of the child's parents has been dissolved or petition for the dissolution of such marriage has been filed, is still pending, but no decree has been entered; or

(c) The parents of the minor child have never been married but paternity has been legally established.

(2) In determining whether a grandparent shall be granted visitation, the court shall require evidence concerning the beneficial nature of the relationship of the grandparent to the child. The evidence may be presented by affidavit and shall demonstrate that a significant beneficial relationship exists, or has existed in the past, between the grandparent and the child and that it would be in the best interests of the child to allow such relationship to continue. Reasonable rights of visitation may be granted when the court determines by clear and convincing evidence that there is, or has been, a significant beneficial relationship between the grandparent and the child, that it is in the best interests of the child that such relationship continue, and that such visitation will not adversely interfere with the parent-child relationship.

As relevant to this appeal, § 43-1801 provides that "unless the context otherwise requires, grandparent shall mean the biological or adoptive parent of a minor child's biological or adoptive parent."

This court has found Nebraska's grandparent visitation statutes to be constitutional, relying in part on the limitation of only biological and adoptive grandparents as those entitled to visitation, as well as a limitation of those circumstances in which a grandparent could seek visitation and a high standard of proof required to show entitlement to an order of visitation.[9]

[3-5] The issue is one of statutory interpretation, which presents a question of law.[10] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of words which are plain, direct, and unambiguous.[11] In discerning the meaning of a statute, a court determines and gives effect to the purpose and intent of the Legislature as ascertained from the entire language considered in its plain, ordinary, and popular sense.[12]

[6-8] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[13] The whole and every part of a statute must be considered in fixing the meaning of any of its parts.[14] In construing a statute, a court looks to the statutory objective to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served. A court must then reasonably or liberally construe the statute

---

[9] *Hamit v. Hamit, supra* note 1.

[10] *Davis v. Gale*, 299 Neb. 377, 908 N.W.2d 618 (2018).

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

to achieve the statute's purpose, rather than construing it in a manner that defeats the statutory purpose.[15]

[9,10] "Generally, statutes in derogation of the common law are to be strictly construed."[16] Grandparent visitation did not exist at common law,[17] and thus should be strictly limited to the definition provided by law. Here, the plain meaning of the term "grandparent" excludes the Heidens.

The Heidens argue, however, that the term "grandparent" means a biological or adoptive parent of the child's biological or adoptive parent and that in this case, the "context" shows that they are the children's grandparents. We disagree.

A review of our case law suggests that the "context" referred to in § 43-1801 is not the factual circumstances presented by a case, but the context of the statutory language itself.[18] In *Pig Pro Nonstock Co-op v. Moore*,[19] we examined, but ultimately rejected, cases from other jurisdictions that went beyond the context of the statute to the facts in order to determine whether a cooperative was designated "nonprofit" for purposes of a statutory scheme. As another court has since explained: "The term 'context' in the statutory phrase 'unless the context otherwise requires' means the context 'within which [a defined statutory term] is used within the statute's substantive provisions.'"[20]

---

[15] *Id.*

[16] 73 Am. Jur. 2d *Statutes* § 181 at 415 (2012).

[17] See *Hamit v. Hamit, supra* note 1.

[18] See, *Farmers Co-op v. State*, 296 Neb. 347, 893 N.W.2d 728 (2017); *State v. Nguyen*, 293 Neb. 493, 881 N.W.2d 566 (2016); *State v. Covey*, 290 Neb. 257, 859 N.W.2d 558 (2015); *First Data Corp. v. State*, 263 Neb. 344, 639 N.W.2d 898 (2002). But see *School Dist. of Omaha v. State Board of Education*, 187 Neb. 76, 187 N.W.2d 592 (1971).

[19] *Pig Pro Nonstock Co-op v. Moore*, 253 Neb. 72, 568 N.W.2d 217 (1997).

[20] *People v. Mendenhall*, 363 P.3d 758, 766 (Colo. App. 2015), quoting *Pima Financial Service Corp. v. Selby*, 820 P.2d 1124, 1128 (Colo. App. 1991). See *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993).

Moreover, we note that a narrow definition of the term "grandparent" was a factor in our conclusion that such visitation statutes were constitutional. We specifically noted in *Hamit v. Hamit*[21] that "Nebraska's statutes are . . . narrowly drawn . . . and explicitly protect parental rights while taking the child's best interests into consideration."

Because the plain language of the statutes provides that a grandparent is defined as the biological or adoptive parent of a minor child's biological or adoptive parent, and because the Heidens failed to show that they were Katherine's biological or adoptive parents—indeed the record in this case affirmatively shows that they were not Katherine's biological or adoptive parents—the Heidens are not entitled to an order of visitation under §§ 43-1801 to 43-1803. The district court's order of visitation is vacated, and the cause is remanded to the district court with directions to dismiss.

## CONCLUSION

The district court erred in granting the Heidens' request for grandparent visitation. We vacate the order of visitation, and remand the cause with directions to dismiss.

Order vacated, and cause remanded
with directions to dismiss.

---

[21] *Hamit v. Hamit, supra* note 1, 271 Neb. at 677, 715 N.W.2d at 527.