Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2021 08:09 AM CDT

In re Adoption of Yasmin S.,
a minor child.
Kelly H. and Maria V., appellants,
v. State of Nebraska, appellee.

___ N.W.2d ___

Filed March 26, 2021.    No. S-20-543.

1. **Jurisdiction: Judgments: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from those of a trial court.

2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.

3. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

4. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

5. **Statutes.** It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.

6. **Constitutional Law: Statutes.** Where a statute is susceptible of two constructions, one of which renders it constitutional, and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, would render it valid.

7. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the County Court for Dixon County: Douglas
L. Luebe, Judge. Reversed and remanded for further
proceedings.

Matthew M. Munderloh, of Johnson & Mock, P.C., L.L.O.,
and Adam J. Sipple and Sara E. Rips, of ACLU of Nebraska,
for appellants.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

A same-sex married couple sought to adopt a minor child.
The county court determined that it lacked authority to permit
adoption by a "wife and wife" and denied the request. But the
plain language of the applicable statute,[1] which references "any
adult person or persons" and the person's "husband or wife,"
allows for such an adoption. We reverse, and remand for fur-
ther proceedings.

## BACKGROUND

In 2008, Kelly H. and Maria V. married in California. They
subsequently moved to Nebraska.

In 2017, Yasmin S. was born out of wedlock. Her biological
mother—Maria's sister—signed a relinquishment and consent
to adoption. The putative father had abandoned Yasmin and
failed to file a notice of objection to adoption and intent to
obtain custody. Since Yasmin's birth, she has lived in Kelly and
Maria's home.

In May 2020, Kelly and Maria filed a petition to adopt
Yasmin. At a hearing, the county court raised a concern that

---

[1] Neb. Rev. Stat. § 43-101(1) (Reissue 2016).

the petition referenced "wife and wife." The court subsequently denied the request "due to the court's lack of authority to proceed." The court observed that "wife" was not defined in statute and that a law dictionary defined the term as "'a woman who has a lawful living husband.'"

Kelly and Maria timely appealed. They filed a petition to bypass review by the Nebraska Court of Appeals, asserting in part that the case "is one arguably 'involving the federal or state constitutionality of a statute.'" Pursuant to Neb. Ct. R. App. P. § 2-109(E) (rev. 2014), Kelly and Maria served a copy of their brief and their petition to bypass on the Nebraska Attorney General. The Attorney General declined to file a brief in this appeal. We subsequently granted the petition to bypass.

## ASSIGNMENTS OF ERROR

Kelly and Maria assign that the county court erred in determining that it lacked jurisdiction to permit a same-sex married couple to adopt a child and in interpreting § 43-101 in a way that violated due process and equal protection rights.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from those of a trial court.[2]

[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[3]

## ANALYSIS

Adoption proceedings are statutory and were unknown to the common law.[4] Generally, statutes in derogation of the

---

[2] *Egan v. County of Lancaster, ante* p. 48, 952 N.W.2d 664 (2020).

[3] *Id.*

[4] See *In re Adoption of Luke*, 263 Neb. 365, 640 N.W.2d 374 (2002).

common law are to be strictly construed.[5] Before setting forth the statute at the heart of this case, we recall principles of statutory interpretation.

[3-5] Rules regarding statutory interpretation are well known. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[6] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[7] It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.[8]

The focus of this appeal, § 43-101, addresses children eligible for adoption. As pertinent here, the statute provides that

*any minor child may be adopted by any adult person or persons* and any adult child may be adopted by the spouse of such child's parent in the cases and subject to sections 43-101 to 43-115, *except that no person having a husband or wife may adopt a minor child unless the husband or wife joins in the petition therefor. If the husband or wife so joins in the petition therefor, the adoption shall be by them jointly*, except that an adult husband or wife may adopt a child of the other spouse whether born in or out of wedlock.[9]

Kelly and Maria argue that the statute's plain language allows a same-sex married couple to adopt a minor child.

---

[5] *Heiden v. Norris*, 300 Neb. 171, 912 N.W.2d 758 (2018).

[6] *State ex rel. BH Media Group v. Frakes*, 305 Neb. 780, 943 N.W.2d 231 (2020).

[7] *Id.*

[8] *Id.*

[9] § 43-101(1) (emphasis supplied).

We agree. In the language of the statute, Yasmin is "any minor child," while Kelly and Maria are "any adult person or persons."[10] A wife is commonly understood to be "[a] married woman."[11] Based on the understanding of that word in current usage, Kelly is a "person having a . . . wife."[12] So, too, is Maria. Under § 43-101(1), "no person having a husband or wife may adopt a minor child unless the husband or wife joins in the petition therefor." Here, the wife joined in the petition for adoption. The plain language of § 43-101(1) allows a same-sex married couple to adopt.

The county court reasoned that definitions of "husband" and "wife" from when § 43-101 was "last enacted/amended by Nebraska's Legislature" should control. It relied upon a proposition from a recent U.S. Supreme Court decision: "'[I]t's a "fundamental canon of statutory construction" that words generally should be "interpreted as taking their ordinary . . . meaning . . . at the time Congress enacted the statute."'"[13] We assume without deciding that this proposition applies to the interpretation of a statute enacted by our Legislature. To demonstrate the meaning of the pertinent terms at the time of enactment, the county court cited a version of Black's Law Dictionary which defined "wife" as "[a] married woman; a woman who has a lawful husband living"[14] and "husband" as "[a] married man; a man who has a lawful wife living."[15]

But using the definitions articulated by the county court does not lead to a different result. Section 43-101(1) permits

---

[10] See *id.*

[11] "Wife," Oxford English Dictionary Online, http://www.oed.com/view/Entry/228941 (last visited Mar. 20, 2021).

[12] See § 43-101(1).

[13] *New Prime Inc. v. Oliveira*, ___ U.S. ___, 139 S. Ct. 532, 539, 202 L. Ed. 2d 536 (2019).

[14] Black's Law Dictionary 1628 (8th ed. 2004).

[15] *Id.* at 758.

a minor child to "be adopted by any adult person or persons." Kelly and Maria fit that criteria. The statute does not use the word "married." The only caveat contained in the statute is that if the person had "a husband or wife," the husband or wife had to join in the petition.[16] Under the county court's definition of "wife," neither Kelly nor Maria had a "lawful husband living." And under the court's definition of "husband," neither was a "man." In other words, when one applies the definitions of "wife" and "husband" employed by the county court, the statutory caveat simply does not apply. If the Legislature believes that the statutory language is somehow disrespectful to same-sex married couples, that body is free to amend the statute.[17] But whether one uses the current meanings of "husband" and "wife" or their respective meanings at the time of enactment, the statutory text permits Kelly and Maria to adopt a minor child.

[6] To the extent any doubt remains about whether a "wife and wife" may adopt, we apply a long-recognized principle of statutory construction. Where a statute is susceptible of two constructions, one of which renders it constitutional, and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, would render it valid.[18] Reading § 43-101 to permit adoption by a same-sex couple does not raise constitutional issues that may be elicited by a contrary interpretation.[19]

---

[16] § 43-101(1).

[17] See *In re Petition of Anonymous 5*, 286 Neb. 640, 838 N.W.2d 226 (2013) (not province of court to rewrite statute).

[18] *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 286 N.W.2d 102 (1979) (superseded by statute as stated in *South Sioux City Ed. Assn. v. Dakota Cty. Sch. Dist.*, 278 Neb. 572, 772 N.W.2d 564 (2009)).

[19] See *Obergefell v. Hodges*, 576 U.S. 644, 135 S. Ct. 2584, 192 L. Ed. 2d 609 (2015).

[7] Because we can resolve this appeal on statutory interpretation grounds, we need not address Kelly and Maria's other argument. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[20]

## CONCLUSION

The plain language of § 43-101 permits a same-sex married couple to adopt a minor child. Accordingly, we reverse, and remand to the county court for further proceedings.

Reversed and remanded for
further proceedings.

_____

[20] *Seldin v. Estate of Silverman*, 305 Neb. 185, 939 N.W.2d 768 (2020).